CROSSETTE *v.* JORDAN.

1. CORPORATIONS—AUTHORITY TO EXECUTE MORTGAGE.

Authority for the execution of a chattel mortgage by a corporation is shown by a recital in its records that, at a meeting of all the stockholders (which included all the directors), the mortgage was read, and a motion made and carried approving the same.

2. SAME—FRAUD—STOCK SUBSCRIPTIONS.

That stockholders, on the day before the corporation gave them a mortgage, paid the balance due on their subscriptions to its capital stock by giving it credit on its indebtedness to them, does not, as a matter of law, prove that there was fraud in the execution of the mortgage.

3. MANUFACTURING CORPORATIONS — REPORTS — ATTACHMENT — INSTRUCTIONS.

Where there was no evidence that an attachment creditor (under whom defendant in a replevin suit claimed) had any information of reports filed by a manufacturing corporation with the Secretary of State, a request to charge that persons dealing with such corporations have a right to rely upon the fairness and honesty of the statements made therein, was properly refused.

4. CORPORATIONS—MORTGAGES—FRAUD—INSTRUCTIONS.

Where the jury were instructed that, in determining the question of fraud in the execution of a mortgage by a corporation to its stockholders, they should take into consideration the relationship of the parties, defendant, who did not ask for a more detailed instruction, cannot complain that they should have been instructed that the relationship was such as to call for the utmost good faith on their part.

Error to St. Joseph; Yaple, J. Submitted December 3, 1902. (Docket No. 139.) Decided December 29, 1902.

Replevin by Isaiah R. Crossette against Samuel Jordan. From a judgment for plaintiff, defendant brings error. Affirmed.

*S. M. Constantine*, for appellant.

*B. E. & L. F. Andrews* and *William Carpenter*, for appellee.

CARPENTER, J. This is an action of replevin for a quantity of shingles, valued at $193. Plaintiff claims to own the shingles as a purchaser at a foreclosure of a chattel mortgage given to him, as trustee for himself and Alice L. Crossette, by the Isaac Crossette Lumber Company, a corporation. The defendant is a constable, who, when the suit was commenced, held the property under an attachment issued at the suit of Harlan J. Dudley against said Isaac Crossette Lumber Company.

The sole question in controversy is whether or not the chattel mortgage which furnishes the foundation for plaintiff's title is valid. This chattel mortgage was executed November 27, 1897. It covered the entire stock in trade at Three Rivers, Mich., and the book accounts, of the mortgagor. It secured the payment of specified indebtedness amounting to $1,687. It also secured the payment of all advances made by the plaintiff during the life of the mortgage, by indorsement, guaranty, or otherwise, and of the renewals or extensions of the specified indebtedness. This specified indebtedness consisted of three notes made by said mortgagor, held by Alice L. Crossette, plaintiff's sister, amounting to $360, $35.71 owed the plaintiff by the mortgagor on open account, certain notes made by the mortgagor and held by the mortgagee, and certain notes made by the mortgagor, held by the First State Savings Bank of Three Rivers, "and all renewals of said notes, which said renewals," the mortgage stated, "the party of the second part [plaintiff] has agreed to indorse." The mortgage was at once properly recorded. The plaintiff indorsed the renewal notes as agreed, and soon after made other indorsements for the mortgagor's benefit. In February, 1898, the mortgage was foreclosed, and plaintiff purchased the mortgaged property for $2,100, which he testifies was less than the mortgagor owed him.

Testimony was introduced on the trial tending to prove, if it did not conclusively establish, the validity of the indebtedness secured by said mortgage. The Isaac Crossette Lumber Company was a corporation organized by the heirs at law and widow of Isaac Crossette, deceased (plaintiff's father), in 1893, to carry on the business conducted by said Isaac Crossette during his lifetime. Plaintiff's mother was president of the corporation; plaintiff was its vice-president; plaintiff's sister Alice L. Crossette (mentioned in said mortgage) was its secretary and treasurer; and John L. Keyport, the husband of another of plaintiff's sisters, was its manager. Its place of business was Three Rivers, Mich. Plaintiff resided at Muskegon, Mich., and until the giving of the chattel mortgage had little to do with its management. On the evening of November 26, 1897, said plaintiff paid $300, the amount unpaid on his subscription for stock to said mortgagor corporation, by crediting that amount on his account against said corporation; and his sister Alice L. Crossette paid $450, unpaid on her stock subscription, by canceling her account for that amount against the corporation. This latter account was made up of $355 for salary due Miss Crossette from January to December, 1897, and $95, a portion of the salary owed by the corporation to her mother, which by common consent was transferred to her credit.

Defendant insists that the mortgage was invalid because its execution was not authorized by the board of directors of the corporation mortgagor, and that the testimony conclusively established its fraudulent character. The court below decided, as a matter of law, that the mortgage was regularly executed. It left the question of fraud to the jury, who found for the plaintiff. Defendant complains of both of these, as well as of numerous other decisions of the trial court.

Due authority to execute the mortgage is proved by the records of the mortgagor corporation. They recite that at a meeting of the stockholders held November 27, 1897, when all of the stockholders—and this means all of the

directors—were present, "the mortgage having been drawn up and read, a motion was made and carried, approving the same."

The ground upon which it is contended that fraud in the execution of the mortgage was conclusively established is that certain facts established on the trial are altogether inconsistent with good faith. It is a sufficient answer to this contention to say that some of these alleged facts were not only not conclusively established, but there was no evidence from which they might be inferred; that others were not conclusively established; and that the only one conclusively established (viz., the method adopted November 26, 1897, of paying the balance due on stock subscriptions) certainly did not, as a matter of law, prove that there was fraud in the execution of the mortgage.

Defendant complains because the court did not give the following request:

"Persons dealing with manufacturing corporations upon the strength of the reports which they are required to file with the Secretary of State and the county clerk, the knowledge of which is acquired through the usual channels, have a right to rely upon the fairness and honesty of the statements made therein."

There was nothing in the case to indicate that Harlan J. Dudley, the creditor in the attachment proceedings under which defendant claims, placed any reliance upon, or had any information whatever of, the reports referred to in the foregoing request. It would have been improper, therefore, for the court to give the request; and the charge to the jury that, in determining the question of fraud, they might consider "the reports of the company to the Secretary of State, and time or times they were made, whether correct or not, and, if incorrect, whether it was the result of an honest mistake or intentional, and, if intentional, what the purpose, object, and intention was,—whether it relates to or in any way explains the execution of the mortgage,"—sufficiently protected the rights of the defendant.

Complaint is made because the court charged the jury as follows:

"Under the law of this State, Isaiah Crossette and his sister Alice Crossette would occupy no different position as creditors than any other creditor of the Isaac Crossette Lumber Company. The fact that they were members and officers of the company did not affect their legal rights in that respect."

This is a correct statement of the law, as defendant seems to concede. He contends that the relation of plaintiff and his sister to the mortgagor called for the utmost good faith on their part, and his complaint really is that the jury were not so charged. The court did charge the jury that, in determining the question of fraud, they should consider, among other things, "the relationship of the parties." Had defendant wished a charge more detailed and explicit, he should have requested it.

We have carefully examined the other assignments of error. None of them are well taken. They, like those discussed, are founded on a misconception, which is removed by a careful examination of the record, or they are fully answered by principles of elementary law.

The judgment is affirmed, with costs.

The other Justices concurred.